Case 2:09-cv-00071-DPM   Document 1   Filed 06/16/09   Page 1 of 13

ORIGINAL

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
JUN 16 2009
JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

ESTATE OF ORLANDO MATTHEWS
And FLORENCE MATTHEWS
Individually and in her official capacity as
Administratrix of the estate, BARRY LARRY,
Of Orlando Matthews, deceased, PLAINTIFFS

PLAINTIFFS )    No. CV 2:09-CV-071 BSM
)
V. )    COMPLAINT
)    (Civil Rights; Deadly Force
)    Wrongful Death)
)
CITY OF Marianna, Arkansas )
A municipal corporation, Mayor Robert )
Taylor, Mayor of Marianna, James )
Tucker, Marianna Chief of Police, )    This case assigned to District Judge Miller
Corporal William Colvin and Officer )    and to Magistrate Judge Jon___
Scott Mc Call of the Marianna Police )
Department, JOHN DOES 1-10, in their )
Individual and Official capacities )    Jury Trial Demanded

DEFENDANTS

## COMPLAINT AND DEMAND FOR JURY TRIAL

Comes, Plaintiffs by and through their attorney, J.L. Wilson, and states:

That this is an action by all Plaintiffs pursuant to 42 U.S.C.§ 1983 for the events occurring on June 18, 20006, in which Orlando Matthews, an 18- year old African-American man was shot to death. He was wrongfully an unreasonably shot to death at the hands of members of the Marianna Police Department. At least two Marianna Police Department officers are responsible for his death.

This is an action for money damages brought by the Estate of Orlando Matthews, his mother, Florence Matthews, and all his known lawful heirs, against the Marianna Police Department who are responsible, as well as the government entities who trained and supervised the officers, and the City of Marianna for the tortuous acts of the officers

as well as the unconstitutional policies and practices which resulted in the unlawful death of Orlando Matthews.

1. That this action is by Plaintiffs under 42 U.S.C. § 1983 for violations of due process in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

2. That this court has jurisdiction over Plaintiff's claims of violations of federal Constitutional Rights under 28 U.S.C. § 1331 and § 1343.

3. That venue is proper under 28 U.S.C. § 1391 (b), in that one or more of the Defendants reside in the Eastern District of Arkansas and Plaintiff's claims for relief arose in the district. The court has supplemental jurisdiction over Plaintiff's pendant state law claims under U.S.C. §1367.

4. That Orlando Matthews was 18 years of age when he died on June 19, 2006 in Marianna, Arkansas, at the hands of the Marianna Police Department; he was a resident of the State of Arkansas and a citizen of the United States.

5. That Plaintiff, Florence Matthews, is the Personal Representative for the Estate of Orlando Matthews; the Estate of Orlando Matthews was created in the Probate Court of Lee County, Arkansas.

6. That Plaintiff, Florence Matthews, is the mother of the decedent, Orlando Mathews.

7. That at all material times Defendant, James Tucker, was the Chief of Police with the Marianna Police Department.

8. That at all material times, Defendant, Corporal, William Colvin, was an officer with the Marianna Police Department and upon information and belief, at all times

relevant to the Complaint, and was acting pursuant to Defendant City's laws, customs, and/or policies, resulting in the wrongful death of Orlando Matthews.

9. That Defendants, James Tucker, William Colvin and Scott McCall were law enforcement officers working under color of law for the Marianna Police Department; Defendants are sued in their individual and official capacities.

10. That at all material times, Marianna, Arkansas, was a municipal corporation within the State of Arkansas; that as a local government entity, Defendant City is a suable person under U.S.C. § 1983; that at all times relevant to this Complaint, Defendant City of Marianna, Arkansas (hereinafter "City) employed Defendant Officers William Colvin and Scott McCall, at the Marianna Police Department; that upon information and belief, at all times relevant to this Complaint, these officers were acting pursuant to Defendant City's laws, customs and/or policies, resulting in the wrongful death of Orlando Matthews; as the employer of Defendant Officers, the Defendant City is vicariously liable for all the acts and omissions of Defendant Officers committed within the course and scope of their employment, pursuant to Arkansas Law.

11. That at all material times, Marianna, Arkansas was a political subdivision of the State of Arkansas; that as a local governmental entity, Defendant City is a suable person under 42 U.S. C. 1983; that at all times relevant to this Complaint, Defendant laws, customs, and/or policies, resulted in the wrongful death of Orlando Matthews.

12. That when Orlando Matthews was shot on the top of the head, he was bending down to get on the ground as directed by Police, which is the only explanation the evidence will support; he was attempting to obey the commands given to him by the police.

13. That all incidents described herein occurred while all Defendant Officers were in uniform and on duty as police officers.

14. That all Defendants have acted under color of state law at all times relevant to this complaint.

15. Plaintiffs are entitled to an award of attorneys' fees and cost, pursuant to 42 U.S.C. §1988.

16. That on or about June 18, 2006, Orlando Matthews, (hereinafter, "Matthews") was the driver of a vehicle involved in a traffic stop with the Marianna Police Department; that upon the initial stop, Matthews excited the vehicle and fled on foot; that officers with the Marianna Police Department made contact with Matthews at the Chestnut Apartment Complex; that officers announced that they were the police and demanded that Matthews place his hands in the air and turn around; that Matthews followed the directions of the officers and with his empty hands in the air and as he attempted to get on the ground, while bending over to get on the ground, the officer shot him in the top of his head without cause: Matthews was transported later to the Med trauma Center in Memphis, Tennessee, where he later succumbed from the gunshot.

17. That at no time did the Marianna Police Officers try to take Matthews in to custody without the use of force.

18. That Plaintiffs incorporate and adopt by reference all the facts and allegations above as though fully forth herein.

19. That Matthews was entitled to be free from unlawful seizure of his person pursuant to the parameters of the Fourth and Fourteenth Amendments to the United

States Constitution. Plaintiffs are also entitled to be safe and secure from undue and unreasonable deadly force.

20. That the acts and omissions of Defendants violated Matthews' protected rights, was an excessive seizure of his person, and were objectively unreasonable based on the totality of the circumstances where his hands were raised in the air and that there was no weapon or anything in his hands; there existed no objectively reasonable facts, which would have supported any belief that Matthews presented a danger to himself or others; he was running away from the officers; he was trying to enter Apartment four (4) to hide the gun form the police; that he had stuffed in the waistband of his pants when he exited the truck so that the police could not see the gun; Defendants violated the requirements of the Fourth and Fourteenth Amendments and the rights held by Plaintiffs, as they relate to life and the integrity and safety of his person and amounted to an unconstitutional use of force.

21. That the specific acts of Defendants, individually and in concert with each other alleged to be objectively unreasonable are more particularly set forth below:

> (a). the Defendant, failing to utilize an objectively reasonable assessment of the facts, caused him to flee, and took his life, all of which amounted to deadly force against Matthews, even after observing that he was not then presenting any objective danger to himself or others.
> (b). the Defendants made a choice to use this level of force against Matthews when he presented no danger to himself or others and the use of such force was objectively unreasonable under the circumstances.
>
> (c). neither Defendant attempted to use a degree of force less than deadly force nor the choice to use a lesser degree of force was objectively unreasonable under the circumstances especially considering that there was no need for any level of force. Matthews was ready to surrender to authorities as was recognized by witnesses.

(d). these Defendants made a choice for their own personal reason to use deadly force upon the person of Matthews, in such a manner as to cause his death, then to attempt to cover up their actions by alleging that he pointed a weapon toward them when in fact, according to witnesses, the gun that Matthews was trying to hide from the police, was still in the waistband of his pants as he lay on the concrete sidewalk wounded and totally disabled after he was shot; these reasons had nothing to do with an assessment of danger or establishment of probable cause and such use of deadly force was objectively unreasonable under the circumstances.

22. That as a result of these Constitutional violations to Matthews, his death resulted; Plaintiffs seek compensation set forth more specifically in the section of this Complaint entitled "Damages".

23. That Plaintiffs incorporate and adopt by reference all the facts and allegations in paragraph 1-13 above as though fully set forth herein as paragraph 24.

24. That at all times herein the City of Marianna and the Marianna Police Department had an official written policy governing the use of force in effecting an arrest.

25. That the Marianna Police Department's office policy on the use of force allows officers to use deadly force when an officer reasonably believes there to be an immediate threat of death or serious physical injury to themselves or others; there was no threat of death or serious physical injury of harm to suggested police officers and/or any one else.

26. That the Marianna Police Department's policy in the use of Deadly Force violates constitutional requirements on the use of deadly force; as a direct result of the use of the policy, the Defendants caused the death and unconstitutional seizure of Matthews. The Marianna Police Department's policy on the Use of Deadly Force violates constitutional standards as it allows the officer to use their own reasonable

subjective belief as to whether any situation creates danger to themselves or others rather than an objective cause or belief.

27. That the use of deadly force by the Defendants was a direct consequence of the Use of Deadly Force Policy in effect at the Marianna Police Department at the time of Matthews' death.

28. That as a result of these Constitutional violations to Matthews, and the death that resulted, Plaintiffs seek compensation set forth more specifically in the section of this Complaint entitled "Damages".

29. That Plaintiffs incorporate and adopt by reference all the facts all allegations in paragraph1-29 above as though fully set forth herein as paragraph 30.

30. That the actions of Defendants alleged in the First and Second Claim for Relief were endorsed and approved by the Marianna Police Department, the Marianna Chief of Police and the City of Marianna

31. That the Marianna Chief of Police is an official policy maker and his actions in endorsing the illegal actions of his officers were unlawful when these Defendants took the life of Matthews based on their own subjective beliefs, when there was no justification for doing so.

32. That the policy endorsed by the Marianna Police Chief, as it pertains to the use of deadly force, violates the Four and Fourteenth Amendment protections held by Matthews and are unconstitutional per se.

33. That the official policy, endorsed by the Marianna Police Chief and the Marianna Police Department amount to constitutional violations to Matthews and that

resulted in his death. Plaintiffs seek compensation set forth more specifically in the section of this Complaint entitled "Damages".

34. That Plaintiffs in corporate and adopt by reference all the facts and allegations above as though fully set forth therein.

35. That Marianna Police Department and the City of Marianna have an informal custom, practice or policy regarding the use of force and deadly force. The custom, practice or policy includes:

> (a). training officers instead of using a calmer encounter, to use weapons in situations where the officers would prefer not to physically restrain criminal suspects, or as in this case, where restraint was not called for.
>
> (b). training officers to use deadly force in lieu of physical restraint and proper detention techniques.
>
> (c). training officers to use deadly weapons as a first, rather than other less confrontational and less harmful methods to deal with suspects.
>
> (d). improper training and supervision of officers in the use of deadly force, including without limitation, not training officers to assess the totality of the circumstances in an objectively reasonable manner.

36. That as part of the culture, custom and practice of the Marianna Police Department, officers are trained to assess situations in what is referred to as an "action/reaction" motive. Officers are trained and expected to use excessive to deadly force before a person has a chance to act and consequently Marianna Police Department relies on deadly force as a primary law enforcement tool when facing a person who may be acting in any unusual way.

37. That the culture inherent in the Marianna Police Department that encourages the use of deadly force is so ingrained that officers will automatically and primarily begin to analyze situations toward the use of deadly force without individually evaluating the

scene and often with virtually no collateral data upon which to make an objectively reasonable assessment and decision; many times an unreasonable assessment will be made in isolation, in spite of other compelling reasons and evidence which would produce a non-hostile approach and a result of injury or death.

38. That as a consequence of the informal culture, practice and custom of Marianna Police Department to "shoot first", a pattern of repeated serious violations of the Constitutional rights of citizens has developed as the practice and rule rather than the exception. Matthews lost his life and suffered the deprivations alleged herein as direct and proximate result of this long-standing practice by the Marianna Police Department as it relates to the use of deadly force; as a direct cause and result of these Constitutional violations by the Marianna Police Department, Plaintiff seek compensation set forth more specifically in the section of this Complaint entitled "Damages".

39. That Plaintiffs incorporate and adopt by reference all the facts and allegations above as though full set forth herein.

40. That at all times material; the Defendant officers were employees of the Marianna Police Department and were acting within the scope of their employment; they were on duty and all acts, which resulted in harm to Matthews, were a natural consequence of the performance of their duties as law enforcement.

41. That Arkansas law mandated that all public employees be sued through the public entity, their employer; Arkansas law mandates that the real party in interest, in action such as this, is the public employer; Plaintiff may also sue the public employee in their individual capacities as well.

42. That the act of killing Orlando Matthews and then attempting to cover it up was a breach of duty owed to him; it was a forcible act committed with the intent to cause serious bodily injury or death, which was not warranted under the circumstances then and there existing; these Defendants, by and in combination with others, shot Matthews when he was not presenting any danger to himself or others; the circumstances surrounding the death of death of Matthews supports the allegation that the shooting was wrongful and avoidable taking of his life, because the proof is undisputed, he was running away from the officers; he was not confrontational, his hands were in the air, as commanded, he turned around, as commanded, with his empty hands still in the air, as he bent over to get on the ground, as commanded, the Police Officer fired two shots in rapid succession: the first shot hit Matthews in top of his head; the second shot entered into apartment number four(4) through the baseboard about four inches above the concrete walk, hitting the concrete floor in the interior of the apartment, ricocheted, and lodged in the bedroom door of the little seven-year-old girl; Police Officers terrorized and traumatized the occupants of apartment number four (4), the aunt, uncle and niece of Matthews and never apologized to the family for the wrongful death of Matthews.

43. That the death of Mathews caused economic and non-economic damages to all Plaintiffs involved; these damages include loss of companionship, loss of potential future earnings, and loss of life, pain, suffering, depression, anger, sadness, and severe emotional trauma; the Estate incurred losses for funeral expenses in addition to the other damages set forth herein; total loss to the Estate and the other Plaintiffs will be more fully determined at trial.

44. That as a direct cause and result of the acts and omissions of the Defendant officers, which also amounted to negligence, caused Matthews' ultimately death; Plaintiffs seek compensation for this death set forth more specifically in the section of this Complaint entitled "Damages".

45. That Plaintiffs incorporate and adopt by reference all the facts and allegations above as though fully set forth herein.

46. That the Defendants' actions and omissions related to this Complaint were tortuous, wrongful, objectively unreasonable, deliberately indifferent, negligent, grossly negligent, oppressive, malicious, reckless and outrageously indifferent to a highly unreasonable risk of harm; these actions of all the Defendants were in reckless disregard of Matthews' federally protected rights; said actions and omissions directly and proximately caused the death of Matthews.

47. That this cause of action is brought to recover damages for the injuries sustained, including but not limited to the wrongful death of Plaintiffs decedent, and the damages Plaintiffs suffered as a direct result of the deprivation of Matthews' civil rights, under the terms and provisions of the laws and statutes of the United States and the State of Arkansas.

48. That at the time of his death, Matthews was 18 years of age and a life expectancy subject to proof at the trial; Matthews was a kind, affectionate and devoted son, father and relative; Matthews was interested in the welfare of his family; Matthews was in excellent health and had his entire future in which to look forward.

49. That Matthews supported his family and provided them with love, care and comfort; in all probability, Matthews would have continued to aid, support, comfort,

advise, and counsel his family; it is reasonable to believe that during the remaining years of his life, Matthews would have contributed substantially toward the support of his family had it not been for his tragic death.

50. That as the personal representative of the Estate of Orland Matthews, deceased, Plaintiffs are entitled to collect on behalf of the heirs of the Estate of appropriated distribution the following damages:

 (a) burial service and memorial service expenses;

 (b) general damages for the deprivation of Matthews civil rights, including his right of life;

 (c) pecuniary loss to the Estate of Orlando Matthews, including loss of earnings based upon the probable duration of the victim's life had the injury not occurred in an amount to be proved at trial;

 (d) pain and suffering damages that Matthews suffered between the time of his injuries and his death, in an amount to be proved at trial;

 (e) loss of consortium damages for Matthews' loss of consortium of his family members, in an amount to be proved at trial.

 (f) punitive damages in a reasonable amount sufficient to adequately punish Defendants in their individual and official capacities and to deter future conduct of the type alleged in this pleading, as allowed by law in 42 U.S.C. § 1988; and

 (g) deterrence damages in a reasonable amount sufficient to deter these acts and omissions in the future by the parties involved and other similarly situated.

 (h) attorney's fees as allowed by law in 42 U.S.C. § 1988; and

 (i) costs of this action and for any other further relief as this court deems equitable and proper;

51. That as a direct result and proximate result of Defendants' deprivation of Matthews' federal civil rights, Plaintiff suffered the loss of a son, father, and brother; Plaintiffs are entitled to be compensated for their loss that this is the direct result of

Defendants' tortuous actions in depriving Matthews of his civil rights; each of the Plaintiffs are entitled to collect the following damages:

>   (1) loss of society, companionship and services of Orlando Matthews their deceased son, father and brother in an amount to be proved at trial;
>
>   (2) pecuniary loss in an amount to be proven at trial;
>
>   (3) attorneys' fees as allowed by law in 42 U.S.C. § 1988; and
>
>   (4) costs of this action and for any other further relief as this court deems equitable and proper.

WHEREFORE, Plaintiffs request that this court grant judgment as follows:

>   (a) judgment against the Defendants for economic damages in an amount consistent with the allegations contained herein and to be proven at trial;
>
>   (b) judgment against the Defendants for non-economic damages in an amount consistent with the allegations contained herein;
>
>   (c) judgment against the Defendants for punitive damages in a fair and reasonable amount to be proven at trial;
>
>   (d) judgment against the Defendants for deterrence damages in a fair and reasonable amount to be proven at trial;
>
>   (e) judgment for costs, interest, attorney's fees and such other and further relief as the court deems just and equitable.

Respectfully Submitted,

_____
Attorney J.L. Wilson (Bar#73-128)
Attorney for Plaintiffs
521-523 Plaza Street
West Helena, AR  72390
Phone: (870)572-1533
Fax: (870)572-4392
attorneyjlwilson@suddenlinkmail.com

fjj