IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

ORLANDO MATTHEWS; ESTATE:                                 PLAINTIFFS
FLORENCE MATTHEWS, Individually
and in her Official Capacity as Administratrix
of the Estate of Orlando Matthews

V.                    CASE#2:09-CV-0071 BSM

CITY OF MARIANNA, ARKANSAS,                                      DEFENDANTS
ET AL

### PLAINTIFFS' RESPONSE TO DEFENDANT'S BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

The Plaintiff in this cause has *standing* to bring this lawsuit pursuant to Arkansas law. The original Defendants in this cause did not provide to the Plaintiff any documents in accordance with Rule 56 of the Arkansas Rules of Civil Procedure to support its claim that the Plaintiff in this cause does not have *standing*. The Plaintiff in this cause filed a petition to be appointed Administratrix of the Estate of her deceased son on July 25, 2007. The complaint was filed in this cause on the 16th day of July, 2009, well within the two year statute of limitation.

The original attorney in this case for the Estate of the Decedent was the Honorable Donald Trimble of Little Rock, Arkansas. Attorney Trimble filed the Petition for Appointment of Administratrix in this cause at the same time he was acting as the Deputy Prosecuting Attorney for Lee County, Arkansas. In Attorney Trimble's responsibility as the Deputy Prosecutor of Lee County, Arkansas, he acted in a quasi-representative capacity for the City of Marianna, Arkansas.

The Administratrix of the Estate of Orlando Matthews at some point in 2009 retained the services of the Honorable Sidney B. Smith Law Office in Chicago, Illinois.

1

Instant counsel J.L. Wilson was contacted by the Chicago counsel and asked to associate in the prosecution of a wrongful death case. Attorney Donald Trimble in his capacity as Deputy Prosecutor for Lee County would have had an apparent and obvious conflict in filing a wrongful death action against the City of Marianna. Instant counsel does not know whether that is why he ceased to represent the Administratrix in this cause, but, cease to represent at some point he certainly did.

After instant counsel agreed to associate with the Honorable Sidney B. Smith & Associates, he received a completed complaint which was filed in the Federal District as presented to him on June 16, 2009. Attorney Sidney B. Smith of Chicago, Illinois had been assured that Ms. Florence Matthews was, in fact, the Administratrix of the Estate and prepared the documents based upon that information. A petition was filed. Orders were obviously not entered. The Administratrix of the Estate was also assured (based upon her affirmation) that she was duly appointed Representative of the Estate. It was not until the *belated* filing of the Motion for Summary (Plaintiff contends that the Motion for Summary Judgment is untimely) that an awareness of the issue raised in the Motion for Summary Judgment on behalf of the Defendant was crystalized.

Upon review of the official records of the Lee County Probate Court it was determined that while Attorney Trimble contended that he, in fact, submitted the Order for Appointment of Administratrix to complete the process, there was none in the file. The lack of order appointing was presented to the Circuit Court of Lee County, Arkansas and an Order was entered *non pro tunc*. See Exhibit A. It is the position of the Plaintiff in this case, the present Order *non pro tunc* appointing Florence Matthews as Administratrix of the Estate of Orlando Matthews, satisfies the statutory requirements of

standing.  The Defendant in this cause cited the cases *Johnson v. Greene Acres Nursing Home Ass'n*, 219 S.W.3d 138 (2005); *Mendez v. Glover*, 2010 Ark. 807 (2010) WL 4972356; Brewer v. Poole, 207 S.W. 3d 458, 464 (2005); Ramirez v. White County Circuit Court, 38 S.W.3d 303 (2001) in support of this contention that the Plaintiff does not have standing.  None of the cases cited by the Defendant addresses the factual situation of the instant case in which there was actually filed a Petition for the Administratrix of the Estate and an Order entered *non pro tunc* approving same as of January 24, 2007.  The approval of the Order of Adminstratrix *non pro tunc* is a state probate issue which the Defendant is bound to contest before the Probate Court of Lee County, Arkansas.  This court has no jurisdiction to adjudicate the validity of the Probate Order, but, must accept it on-its-face as valid.

      The Defendant lacks standing itself to challenge the *non pro tunc* Order entered in this case and, therefore, it is the present *law of the case* as it relates to the establishment of the named Plaintiff, Florence Matthews, as the Administratrix of the Estate of her deceased son, Orlando Matthews.  See *Reynols v. Guardianship of Sears*, 327 Ark. 770 (1997). Unless the Defendant in this case to show an abuse of discretion or that the court shall ruling is clearly erroneous as per state law.  Their other arguments in this case are without merit.

      WHEREFORE, Plaintiffs pray that the Motion for Summary Judgment be denied.

Respectfully Submitted,

/s/ Jimmie L. Wilson
Attorney J.L. Wilson(Bar#73-128)
521-523 Plaza Street
West Helena, AR  72390
Phone: (870)572-1533
Fax: (870)572-4392

aw                    attorneyjlwilson@suddenlinkmail.com

## CERTIFICATE OF SERVICE

I, J.L. Wilson, do hereby certify that a true and correct coy of the foregoing was filed with the Court via ECF and a copy sent on November 11, 2011 to the following:

Keith Wren
9421 West Markham
Suite B
(501) 223-9736
Little Rock, AR  72205

Respectfully Yours,

/s/ Jimmie L. Wilson
Attorney J.L. Wilson(Bar#73-128)
521-523 Plaza Street
West Helena, AR  72390
Phone: (870)572-1533
Fax: (870)572-4392

aw                    attorneyjlwilson@suddenlinkmail.com