IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION


ESTATE OF ORLANDO MATTHEWS;
FLORENCE MATTHEWS,
individually and in her official capacity
as Administratrix of the estate; and BARRY LARRY          PLAINTIFFS

v.                        No. 2:09-cv-71-DPM

CITY OF MARIANNA, ARKANSAS,
a municipal corporation; ROBERT
TAYLOR, Mayor of Marianna; JAMES
TUCKER, Marianna Chief of Police;
WILLIAM COLVIN, Corporal, Marianna
Police Department; SCOTT
MCCALL, Officer, Marianna Police
Department; and JOHN DOES 1-10,
in their individual and official capacities          DEFENDANTS


### ORDER

The parties have been going back and forth in the probate division of

Lee County Circuit Court since November 2011. The Marianna Defendants

began the maneuvers by moving for summary judgment in this Court on the

grounds that Matthews was never appointed personal representative of her

son Orlando's estate, so had lacked standing under Arkansas law to bring this

2009 civil-rights lawsuit about the circumstances of her son's death. № 28.

A long line of Arkansas cases holds that such a defect in standing cannot be

cured by later appointment. *E.g., Dachs v. Hendrix*, 2009 Ark. 542, at 9–11, 354 S.W.3d 95, 101 (2009). But Matthews responded by getting an order from the circuit court's probate division appointing Matthews *nunc pro tunc* to July 2007. № *36–1*.

This Court stayed the case while the Marianna Defendants litigated the validity of that appointment in the probate division, which has jurisdiction over its orders. *Smith v. Rebsamen Medical Center, Inc.*, 2012 Ark. 441, 2012 WL 5963222. Ultimately the probate division vacated the appointment order. № *53-1*. Matthews did not appeal. № *53 at 2 & № 55 at 1*. Matthews filed a motion to reconsider, № *57*, which the probate division denied. № *59–1*. Matthews has appealed the denial – probably; the copy of the notice of appeal filed in this Court's record bears no file mark. № *60–1*.

Pending before this Court is the Marianna Defendants' motion to lift the stay and revisit its denied motion for summary judgment. № *53*. Because the probate division's order denying reconsideration is probably on appeal, Defendants suggest keeping the stay in place 100 more days to allow the Arkansas appellate courts to do their work. Matthews suggests this is too little time to get a final decision on the validity of Matthews's *nunc pro tunc*

appointment. № *61*.

Matthews's standing to pursue § 1983 claims against the Marianna Defendants arising from her son's injuries and death is determined by Arkansas law. 42 U.S.C. § 1988(a); *Williams v. Bradshaw*, 459 F.3d 846 (8th Cir. 2006). Two claims exist in this kind of case: a survival claim (covering torts, common law and constitutional, that could have been asserted by Orlando had he not died) and a wrongful-death claim (covering the losses suffered by Orlando's statutory beneficiaries because of his death). ARK. CODE ANN. §§ 16-62-101 & 16-62-102(f).[*] See generally Professor Brill's clear discussion of the two claims, their history, their differences, and the precedent on point. HOWARD W. BRILL, 1 ARKANSAS PRACTICE SERIES, LAW OF DAMAGES § 34:1 (5th ed. & 2011–12 pocket part).

The survival claim must be brought by the personal representative of Orlando's estate. ARK. CODE ANN. § 16–62-101(a)(1); *Smith v. St. Paul Fire & Marine Insurance Co.*, 76 Ark. App. 264, 269–70, 64 S.W.3d 764, 768 (2001). The

---

[*]A pendant state-law claim for wrongful death certainly exists. Whether a federal-law claim exists too is a vexed question that need not be addressed. *Compare* 42 U.S.C. § 1983 *with* ARK. CODE ANN. § 16-62-102 *and Andrews v. Neer*, 253 F.3d 1052, 1063–64 (8th Cir. 2001).

wrongful-death claim must be brought by the personal representative too, or by *all* Orlando's heirs at law if no personal representative has been appointed. ARK. CODE ANN. § 16-62-102(b); *Ramirez v. White County Circuit Court*, 343 Ark. 372, 381, 38 S.W.3d 298, 303 (2001).

During a 2006 arrest, Marianna police officers shot Orlando. The young man died a few days later. The relevant statutes of limitation have run.** This case was brought by Orlando's mother as personal representative of his estate, and by her individually and "Barry Larry," the two of whom the complaint describes as "all [Orlando's] known lawful heirs." *№ 1 at 1*. The record reveals, though, that Orlando had other heirs at law who did not join the suit as Plaintiffs. *№ 30–1 at 3*.

This case stands or falls, then, on whether Mrs. Matthews was the personal representative when she filed it. If so, all claims need a trial on the merits. If not, any survival claim lapsed. If not, any wrongful death claim also lapsed because not all Orlando's heirs joined as plaintiffs. And a later

_____

**Battery has a one-year statute. ARK. CODE ANN. § 16-56-104. All § 1983 claims accruing in Arkansas have a three-year statute. *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992). Wrongful-death claims must also be brought within three years. ARK. CODE ANN. § 16-62-102(c).

complaint naming all the heirs does not relate back to cure the standing problem. *Brewer v. Poole*, 362 Ark. 1, 14–15, 207 S.W.3d 458, 466 (2005).

Special Circuit Judge Lineberger's opinion on the *nunc pro tunc* issue is careful and cogent. But Matthews's appeal puts the issue back in doubt. There is a further complication: Matthews may or may not have perfected her appeal. *Compare Helena Regional Medical Center v. Wilson*, 362 Ark. 117, 207 S.W.3d 541 (2005), *with In re Stinnett*, 2011 Ark. 278, 383 S.W.3d 357. Matthews is correct on the time involved in the appeal; a final decision is unlikely for many months — sometime during the winter of 2013–2014 seems probable.

Considering all the circumstances, the Court denies the Marianna Defendants' motion, № 53, to lift the stay. The trial tentatively scheduled for 15 October 2013 is cancelled. The Court directs the Clerk to administratively terminate this case. Any party may move to lift the stay and reopen once there is a final decision from the Arkansas courts on whether Matthews was the personal representative of her son's estate when she filed this lawsuit. The Court will then lift the stay and either set a very prompt trial date or enter judgment for the Defendants.

So Ordered.

_____

D.P. Marshall Jr.
United States District Judge

2 May 2013